CINEMA–TEX ENTERPRISES, INC.,
Plaintiff-Appellant, Cross-Appellee,

v.

SANTIKOS THEATERS, INC., et al., Defendants-Appellees, Cross-Appellants.

No. 75–2505.

United States Court of Appeals,
Fifth Circuit.

July 23, 1976.

James R. Warncke, Emmett J. Rahm, San Antonio, Tex., for plaintiff-appellant, cross-appellee.

Bernard Ladon, Gilbert L. Mathews, San Antonio, Tex., for defendants-appellees, cross-appellees.

John L. Hill, Atty. Gen. of Texas, Michael E. Stork, Austin, Tex., for State of Tex.

Before WISDOM * and INGRAHAM, Circuit Judges, and GROOMS, District Judge.

GROOMS, District Judge:

This suit asserts a violation of the Sherman Act, Title 15 U.S.C. § 1 et seq., and seeks treble damages under Section 4 of the Clayton Act, 15 U.S.C. § 15. The claim is based on a "split" agreement whereby it was agreed between various exhibitors of motion picture films, including both appellee and appellants, that they would meet among themselves to discuss which of them would have the exclusive right to negotiate with the distributors for up-coming first-run pictures.

This appeal challenges the action of the court below in directing a verdict for the defendant upon the ground that the plaintiff failed to prove injury and damages proximately resulting from the violation. The court prepared and entered a Memorandum and Order to set forth the basis for its decision. It included a holding that the split arrangement constituted a *per se* violation of the statute. Appellee cross-appeals from the court's action so holding.

A review of the record convinces us that the court was correct in directing a verdict for the defendants for a failure of proof of injury and damages proximately resulting from the asserted violation.

We adopt the opinion of the court below, 414 F.Supp. 640, except as to its holding made the basis of the cross-appeal.

Certain conduct and agreements are held to be *per se* unreasonable restraints on commerce. A plaintiff must prove that the restraints proscribed by Title 15 U.S.C. § 1, are unreasonable, unless it be shown that they are *per se* unreasonable. Whether one or the other, he must prove injury and damages proximately attributable to a violation of the Act. Since the court directed a verdict for the defendants for a failure of such proof, we are of the opinion that the court went beyond the necessities of the case in its finding that the split agreement constituted a *per se* violation of the antitrust laws.

The case is AFFIRMED on the appeal but REVERSED on the cross-appeal.

---

* Judge Wisdom was a member of the panel that heard oral arguments but due to illness did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d).